MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
100 N. Broadway, Suite 500
Wichita, KS 67202
316-265-9311
316-265-2955 – fax
tlmann@martinpringle.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D-J ENGINEERING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONSOLIDATED PRECISION PRODUCTS CORPORATION, <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff D-J Engineering, Inc., for its claim against the defendant, states and alleges:

## PARTIES

1. Plaintiff, D-J Engineering, Inc. ("D-J" is a Kansas corporation with its principal place of business in Augusta, Kansas. D-J manufactures and repairs assemblies and parts for aircraft used for commercial, military, and general aviation.

2. Defendant, Consolidated Precision Products Corporation ("CPPC"), is a Delaware corporation with its headquarters located at 526 Superior Ave., Suite 1440, Cleveland, Ohio 44114. Defendant may be served through its resident agent,

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the action is wholly between citizens of different states and the matter in controversy exceeds the sum of $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because the event and omissions giving rise to the claim occurred in substantial part, in this judicial district.

## FACTUAL BACKGROUND

5. In 2013, D-J contracted with CPPC for the manufacture of castings designed to be used on aircraft manufactured by Boeing.

6. During the process of negotiating the terms of the agreement, D-J provided CPPC with detailed drawings and specifications for the parts. CPPC became aware, during these discussions and correspondence, that the castings in question were for use on Boeing aircraft.

7. After lengthy communications, CPPC accepted D-J's Purchase Order in December of 2013. CPPC promised that the parts it manufactured would meet the specifications provided by Boeing and D-J.

8. In May of 2014, CPPC delivered the first items called for under the Purchase Order. CPPC eventually delivered eleven castings to D-J.

9. CPPC sent D-J the following invoices: Invoice No. 2274 in the amount of $13,025.66; Invoice No. 2269 in the amount of $35,144.76; and Invoice No. 2202 in the amount of $24,929.84.

10. In good faith and with the expectation that the parts manufactured by CPPC would comply with the specifications stated by Boeing and D-J, D-J paid each of the invoices sent by CPPC.

11. D-J's subsequent inspection of the parts revealed that none of the castings conformed to the specifications that CPPC had accepted.

12. CPPC's own internal inspection reports, which were completed prior to CPPC delivering the parts to D-J, disclosed that the parts manufactured by CPPC did not meet the specifications.

13. Despite having prior knowledge of the nonconformance, CPPC nonetheless delivered the nonconforming parts to D-J.

14. D-J was unable to utilize the parts manufactured by CPPC, and obtaining replacement parts from another manufacturer has resulted in additional costs to D-J.

15. CPPC's failure to provide conforming parts to D-J in a timely fashion has had a detrimental effect on D-J's relationship with its customer, Boeing.

16. D-J demanded that CPPC refund the amounts paid by D-J for the nonconforming parts. CPPC has failed and refused to refund D-J for the invoices paid by D-J.

## COUNT I – BREACH OF CONTRACT

17. D-J incorporates herein by reference the paragraphs stated above, as if fully set forth in this Count.

18. CPPC has breached its contractual arrangement with D-J.

19. CPPC's breach has caused damages to D-J.

WHEREFORE, D-J prays that the Court enter judgment in its favor for (i) damages in excess of $75,000, (ii) for the additional costs associated with obtaining replacement castings; (iii) prejudgment interest; (iv) for D-J's costs and attorney's fees; (v) for post-judgment interest; and (vi) for such other and further relief as may be just and proper.

## COUNT TWO – BREACH OF WARRANTY

20. D-J incorporates herein by reference the paragraphs stated above, as if fully set forth in this Count.

21. CPPC has breached the implied warranty of merchantability and fitness for a particular purpose, by delivering castings to D-J that are not in conformance with specification.

22. Such breach of warranty by CPPC has resulted in damages to D-J.

WHEREFORE, D-J prays that the Court enter judgment in its favor for (i) damages in excess of $75,000, (ii) for the additional costs associated with obtaining replacement castings; (iii) prejudgment interest; (iv) for D-J's costs and attorney's fees; (v) for post-judgment interest; and (vi) for such other and further relief as may be just and proper.

Respectfully Submitted,
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, Kansas 67202
(316) 265-9311
(316) 265-2955 (fax)
tlmann@martinpringle.com
maspahn@martinpringle.com


By s/ Terry L. Mann
Terry L. Mann (#12840)
Matt A. Spahn (#25932)

*Attorneys for Plaintiff*
*D-J Engineering, Inc.*